COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


MARK E. RICHMOND
                                          OPINION BY
v.          Record No. 2481-94-2      JUDGE LARRY G. ELDER
                                          APRIL 9, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    Richard H. C. Taylor, Judge


          C. David Whaley (Anthony G. Spencer;
          Morchower, Luxton & Whaley, on briefs), for
          appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Mark E. Richmond (appellant) appeals his conviction for

possession of cocaine in violation of Code § 18.2-250.  Appellant

contends that the trial court erred in denying his motion to

suppress the evidence based upon an unlawful search of his car.

Because the police lacked reasonable and articulable suspicion to

seize appellant when they asked for and retained his driver's

license, the trial court erred in not suppressing the drug

paraphernalia found thereafter.

                              I.

                            FACTS

     On April 8, 1994, at approximately 9:51 p.m., Deputy Sheriff

J. S. Sizemore of the Hanover County Sheriff's Department

observed appellant sitting alone in an automobile lawfully parked

in a public lot behind a gas station. Deputy Sizemore's attention was drawn to the automobile, which had its lights off, because people did not normally park behind the gas station. Deputy Sizemore testified that he had no reason to suspect appellant was engaged in any criminal conduct. However, because Deputy Sizemore noticed appellant's head tilted downward, he decided to ascertain if appellant was sleeping or sick.

Deputy Sizemore, wearing his uniform and badge, approached appellant's automobile and asked for his driver's license, to which appellant consented. After returning to his patrol car and running a record check on appellant, Deputy Sizemore went back to appellant's automobile to return the license. He used his flashlight to illuminate the automobile's interior as he asked for appellant's consent to search it. Appellant told Deputy Sizemore that he could not search the vehicle. During this brief conversation, Deputy Sizemore noticed an object commonly used for smoking marijuana or crack cocaine located on the automobile's floorboard. Deputy Sizemore asked appellant to hand him the object. After confirming his suspicions about the object's function, Sizemore arrested appellant. In response to questioning after his arrest, appellant told police that a Tylenol bottle containing crack cocaine was also located in the glove compartment.

Appellant moved to suppress the Commonwealth's drug evidence. The trial court denied the motion, ruling that the

police discovered the evidence in plain view after a consensual encounter.  At a bench trial, the court found appellant guilty of possessing cocaine.

## II.

### SEARCH AND SEIZURE

On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of his motion to suppress constituted reversible error.  Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  This Court will not disturb the trial court's ruling unless it was plainly wrong.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Code § 8.01-680.  We hold that the evidence does not support the court's ruling in this case.

It is well established that a person is not seized for purposes of the Fourth Amendment of the United States Constitution until restrained by means of physical force or a show of police authority.  Brown v. Commonwealth, 17 Va. App. 694, 696, 440 S.E.2d 619, 620 (1994).  "A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  United States v. Mendenhall, 446 U.S. 544, 545 (1980); see Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995).

Here, appellant was seated in his parked vehicle in a gas station parking lot.  Deputy Sizemore, wearing his uniform and badge, approached appellant's vehicle and asked him for his driver's license.  Appellant complied with Deputy Sizemore's request and waited while the officer ran a record check at his police vehicle.  When Deputy Sizemore returned appellant's driver's license, he spotted drug paraphernalia in appellant's vehicle.

The initial encounter between the officer and appellant was permissible and did not implicate the Fourth Amendment.[1]  See Florida v. Bostick, 501 U.S. 429 (1991).  We hold, however, that "what began as a consensual encounter quickly became an investigative detention once the [officer] received [appellant's] driver's license and did not return it to him."  United States v. Lambert, 46 F.3d 1064, 1068 (10th Cir. 1995)(police confronted defendant next to his car, requested his driver's license, and retained the license for twenty minutes in order to run a computer check).  A reasonable person in appellant's circumstances would not have believed that he could terminate the

---

[1]  Police officers do not violate the Fourth Amendment by approaching an individual in a public place and asking questions.  Florida v. Royer, 460 U.S. 491, 497 (1983)(holding Fourth Amendment not implicated when police officers asked defendant to see his airline ticket, asked for identification, and requested consent to search him); Richards v. Commonwealth, 8 Va. App. 612, 615, 383 S.E.2d 268, 270 (1989)(holding Fourth Amendment not implicated when police officers approached defendant, who was standing outside of an airport terminal, and asked to see his airline ticket and identification).

encounter once the officer retained the driver's license and returned to his police vehicle to run a record check.

Furthermore, as a practical matter, if appellant left the scene in his vehicle while Deputy Sizemore had his driver's license, appellant would have violated Code § 46.2-104, which prohibits a vehicle operator from driving without a license. <u>See</u> <u>Brown</u>, 17 Va. App. at 697, 440 S.E.2d at 621 (under circumstances where police observed the defendant operating a motor vehicle, when an officer asked the defendant for his operator's license, the defendant "was no longer free to leave").

For these reasons, we hold that the trial court erred in denying appellant's motion to suppress. Accordingly, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed.</u>