COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


FAYE L. PRICE
                                              OPINION BY
v.        Record No. 1271-96-2        JUDGE LARRY G. ELDER
                                              APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert W. Duling, Judge

          Matthew T. Paulk, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Faye L. Price (appellant) appeals her conviction of

possessing heroin in violation of Code § 18.2-250.  She contends

that the trial court erred when it denied her motion to suppress

evidence obtained during a search incident to her arrest at a

roadblock.  For the reasons that follow, we affirm.

                                I.

                              FACTS

     During the evening of September 19, 1995, appellant rode as

a passenger in a car driven by James E. Walker, Jr. that

encountered a roadblock in the City of Richmond.  The roadblock

was operated by Sergeant Hicks and Officer Tovar.  At the

roadblock, Officer Tovar checked Mr. Walker's driving record with

a police dispatcher and discovered that his driver's license had

been suspended with notice.  Officer Tovar informed Mr. Walker

that he could not drive his car from the roadblock and that Mr. Walker's only options were to arrange to have the vehicle towed or to find a licensed driver to drive the car away for him.

Appellant then stated that she was willing to drive Mr. Walker's car. Sergeant Hicks asked appellant for some identification so that he could verify with the dispatcher that appellant possessed a valid driver's license. Appellant gave her Social Security number to Sergeant Hicks. Sergeant Hicks contacted a dispatcher, who accessed appellant's DMV record from a computer.

While checking appellant's driving record, the police computer automatically searched its data base of outstanding warrants. This search disclosed an outstanding warrant for appellant's arrest. Officer Tovar then executed the warrant by arresting appellant. During a search of appellant incident to her arrest, Officer Tovar found heroin in her purse. Appellant then waived her Fifth Amendment rights and admitted that the heroin was hers.

Appellant was charged with the unlawful possession of heroin in violation of Code § 18.2-250. Appellant filed a motion to suppress both the heroin and her statement, which the trial court denied. The trial court also denied appellant's motion to reconsider and convicted her of possessing heroin.

## II.

### SEARCH AND SEIZURE AT ROADBLOCK

Appellant contends that the trial court erred when it denied her motion to suppress. She argues that she was unlawfully seized when Sergeant Hicks asked to check her driving record, or in the alternative, that Sergeant Hicks arbitrarily exceeded the parameters of the roadblock plan when he checked the police data base for outstanding arrest warrants. She asserts that the trial court should have excluded the heroin and her statement because this evidence was a fruit of the officers' unconstitutional conduct. We disagree.

"On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of his [or her] motion to suppress constituted reversible error. This Court will not disturb the trial court's ruling unless it is plainly wrong." Richmond v. Commonwealth, 22 Va. App. 257, 260, 468 S.E.2d 708, 709 (1996) (citations omitted).

We hold that the detention of appellant at the roadblock while Sergeant Hicks verified the validity of her driver's license did not violate appellant's Fourth Amendment rights. First, we agree that appellant was seized for Fourth Amendment purposes when she agreed to drive Mr. Walker's car and Sergeant Hicks took measures to check her driver's license before allowing her to leave the roadblock. "[D]etaining the operator [of a

motor vehicle at a roadblock] constitute[s] a 'seizure' within the meaning of the Fourth Amendment, even though the purpose of the stop is limited and the resulting detention is quite brief." Lowe v. Commonwealth, 230 Va. 346, 349, 337 S.E.2d 273, 275 (1985), cert. denied, 475 U.S. 1084, 106 S. Ct. 1464, 89 L.Ed.2d 720 (1986).  But, appellant's seizure was lawful because the record indicates that the officers detained appellant in accordance with an explicit and neutral roadblock plan.  A seizure of the driver of an automobile at a roadblock does not violate his or her Fourth Amendment rights if the roadblock is "'carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers.'"  Id. at 350, 337 S.E.2d at 276 (quoting Brown v. Texas, 443 U.S. 47, 51, 99 S. Ct. 2637, 2640, 61 L.Ed.2d 357 (1979)).

The record establishes that the police department issued a plan authorizing the roadblock carried out by the officers.  The plan restricted the officers' activities during each stop at the roadblock to inspecting the stopped vehicle for defects, examining the physical condition of the driver, and verifying the status of the driver's operator's license.  The record indicates that the officers performed these activities on every vehicle that passed through the roadblock.  After the officers informed Mr. Walker that he could not drive his vehicle from the roadblock and appellant agreed to drive it for him, she became the next "driver" through the roadblock.  Pursuant to the roadblock plan,

the police were permitted to examine her physical condition and to verify the status of her driver's license.

Appellant also challenges the constitutionality of the officers' actions after she was seized at the roadblock. Specifically, she argues that Sergeant Hicks exceeded the restrictions set forth in the roadblock plan when he conducted a warrant check of appellant in conjunction with the review of her driving record. We disagree.

When police officers stop vehicles at a roadblock pursuant to a pre-approved plan, the Fourth Amendment requires the officers to act in accordance with the rules set forth in the roadblock plan. Brown v. Commonwealth, 20 Va. App. 21, 25-26, 454 S.E.2d 758, 760 (1995).

> "To allow the [police] to do anything short of complying in full with [their] own guidelines would inject an element of discretion into the [checkpoint] procedures and thus undercut the very foundation upon which the [checkpoint] seizure is constitutionally justified."

Id. at 25, 454 S.E.2d at 759 (quoting Commonwealth v. Anderson, 406 Mass. 343, 547 N.E.2d 1134, 1137-38 (1989)).

We hold that the warrant check of appellant was not a deviation from the procedures set forth in the roadblock plan. The roadblock plan authorized the review of an individual's

driving record, and the warrant check was one component of the neutral police procedure for such a review. The officers testified that confirming the validity of a driver's license involved requesting a police dispatcher to access by computer the individual's DMV record. The evidence established that police procedures mandate the performance of a warrant check whenever an officer in the field makes such a request. Specifically, Sergeant Hicks testified that the police computer is programmed so that any time the dispatcher accesses an individual's driving record, the computer automatically performs a simultaneous warrant check on the individual.

Thus, the warrant check of appellant was performed in accordance with the roadblock plan. Pursuant to the roadblock plan, Sergeant Hicks was authorized to verify the status of appellant's license after she volunteered to drive Mr. Walker's car. He did so by requesting the dispatcher to review her driving record. After Sergeant Hicks made this request, the computer search of appellant's driving record automatically triggered the warrant check that revealed the outstanding warrant for her arrest. Sergeant Hicks did not arbitrarily request the warrant check of appellant. The check was performed automatically, regardless of the requesting officer's desire for this information.

For the foregoing reasons, we affirm the conviction of possessing heroin in violation of Code § 18.2-250.

<u>Affirmed</u>.