COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
  Argued at Richmond, Virginia


STEVEN PHILLIP COGAN

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 1751-96-2            JUDGE MARVIN F. COLE
                                             MAY 27, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                       Richard H.C. Taylor, Judge

            Bruce P. Ganey (Ganey & Laibstain, P.C., on
            brief), for appellant.

            Richard B. Smith, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Steven Phillip Cogan (appellant) was convicted of driving

under the influence of alcohol (DUI).[1]  Appellant contends on

appeal that he was unlawfully seized, in violation of the Fourth

Amendment, when Deputy Barton asked for his driver's license and

registration.  In the process of appellant presenting those

documents to Barton, Barton observed evidence of appellant's

intoxication.  Thus, appellant contends, the trial court erred in

refusing to suppress the evidence of his intoxication.  We

disagree and affirm the conviction.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Appellant also was convicted of refusing to permit a sample
of his blood or breath to be taken.  This Court lacks
jurisdiction to review that judgment.  See Commonwealth v.
Rafferty, 241 Va. 319, 323-24, 402 S.E.2d 17, 19-20 (1991).

I.

On November 22, 1995, while on routine patrol, Hanover County Deputy Sheriff D.S. Barton saw appellant's truck parked in a loading zone in the parking lot of a Fas Mart convenience store. On the area of the lot where appellant's truck was parked, the store owner had painted, "NO PARKING – LOADING ZONE." Barton parked his vehicle behind the truck and approached appellant.

Barton asked appellant for his driver's license and vehicle registration. "During the course of [appellant] presenting" the license and registration, Barton noticed a strong odor of alcohol on appellant and observed that appellant had bloodshot eyes. Based on his observations, Barton arrested appellant for DUI, in violation of Code § 18.2-266.

The written statement of facts filed in lieu of a transcript in this case recited that the following facts were uncontested: (1) appellant was the operator of the truck, (2) appellant was intoxicated, (3) appellant refused a blood or breath test, and (4) there is no ordinance in Hanover County that designates illegal parking a crime.

Appellant filed a motion to suppress the evidence on the ground that Barton lacked reasonable articulable suspicion for the seizure. The court denied the motion to suppress.

II.

In reviewing a trial court's denial of a suppression motion,

-2-

we consider the evidence most favorably to the Commonwealth. The burden is on the defendant to show the trial court's ruling constituted reversible error. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

"Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations: (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." Weschler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995). A consensual encounter has no Fourth Amendment implications unless it is "accompanied by such 'coercion or show of force or authority by the officer'" that a reasonable individual would believe he must comply with the officer's requests and may not leave. Greene v. Commonwealth, 17 Va. App. 606, 610, 440 S.E.2d 138, 140 (1994) (citation omitted).

Where an individual is seated in a parked vehicle, a request by a police officer for a driver's license and registration does not transform a consensual encounter into a seizure. See Richmond v. Commonwealth, 22 Va. App. 257, 260-61, 468 S.E.2d 708, 709-10 (1996); see also Toliver v. Commonwealth, 23 Va. App. 34, 36, 473 S.E.2d 722, 723-24 (1996). In such circumstances, a consensual encounter becomes an investigative detention only when the officer receives the individual's license and does not return it. See Richmond, 22 Va. App. at 261, 468 S.E.2d at 710

(reasonable person would not believe he could terminate encounter once officer retained license and returned to police car to run record check).[2]

### III.

In this case, Deputy Barton saw appellant's truck only after it was parked in the parking lot of the Fas Mart store. Barton's approach of the truck and request for license and registration did not constitute a seizure for Fourth Amendment purposes. During appellant's presentation of the license and registration to Barton, Barton observed the signs of appellant's intoxication. Thus, when the seizure occurred, that is, when Barton received the documents and retained them, he had at least reasonable, articulable suspicion to support the seizure. The deputy's actions did not violate the Fourth Amendment, and the trial court did not err in refusing to suppress the evidence.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[2]Where an officer observes a defendant operating a vehicle and thus, under Code § 46.2-104, the driver is required to exhibit his license and registration upon police request, the request for such documents by the police constitutes a seizure. See Brown v. Commonwealth, 17 Va. App. 694, 697, 440 S.E.2d 619, 621 (1994).