## CIRCUIT COURT OF ALBEMARLE COUNTY

Commonwealth of Virginia

    v.

Richard H. Rice

### April 22, 1998

### Case No. 12,531

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Motion to Suppress filed by the defendant alleging that the items seized from Mr. Rice, specifically, brass knuckles from his person on June 2, 1997, should be suppressed as a result of an unlawful search of his person.

*Findings of Fact*

Officer Mike Wagner stopped the vehicle driven by Richard Rice in Albemarle County for having a left taillight out. On stopping him, he asked Mr. Rice for his operator's license, which Officer Wagner took from him. The officer went back to his patrol vehicle and ran a check on the license and returned to the car. While still holding the license in his possession, the officer asked the defendant if he could search his vehicle and person. The defendant replied, "You ain't got no probable cause, have you?" The officer agreed he did not have probable cause and repeated his question of whether or not he could have permission of the defendant to search his person and vehicle. The defendant replied in the affirmative. The officer then searched his person and found brass knuckles, which resulted in a charge of having possession of brass knuckles after having been convicted of a felony.

The evidence showed that there was nothing wrong with the license and that it was in good standing and the officer had no reason to withhold the license from the defendant.

## Question Presented

Did the holding of the license by the police officer when asking for permission to search person and vehicle taint the consent obtained from the defendant to search his person?

## Discussion of Authority

In the case of *Richmond v. Commonwealth*, 22 Va. App. 257 (1996), an officer noticed the defendant sitting in his car behind a gas station. The officer had no reason to be suspicious but approached the vehicle to see if the person was sick. The officer took the license of the driver to run a check. On returning to the car to give the license back, the officer used his flashlight to search the car and noticed a crack pipe. He asked for the object and arrested the defendant.

The Court of Appeals held that the initial approach was legal, but it turned into an investigation when the officer took the defendant's license and did not give it back to him before using it as an opportunity to search the car. The Court cited the case of *United States v. Lambert*, 46 F.3d 1064 (10th Cir. 1995). The Court of Appeals in *Richmond* and the 10th Circuit in *Lambert* held that the detention was illegal.

Other cases on point with the facts of this case are *United States v. Walker*, 807 F. Supp. 115 (D. Utah 1992), and *United States v. Guzmann*, 846 F.2d 1512 (10th Cir. 1988).

## Conclusion

Applying these cases to the facts at hand, the Court does not find that the officer had articulable and specific facts that would allow him to detain Rice after the officer checked his license and found it to be valid. The officer's holding of the license while asking permission to search the vehicle and person reasonably lead to the inference that Rice was not free to leave. Therefore, the act of detaining Rice after he produced a valid license and voiced objection by saying there was no probable cause was an illegal detention and tainted the subsequent permission to search the vehicle and his person. Accordingly, the Motion to Suppress is sustained.