COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


DAVID LEE JASPER

                                    MEMORANDUM OPINION* BY
v.   Record No. 1833-98-2          JUDGE RICHARD S. BRAY
                                       DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                    Paul M. Peatross, Jr., Judge

          J. Benjamin Dick for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     David Lee Jasper (defendant) was convicted in a bench trial

for possession of marijuana in violation of Code § 18.2-250.1.  On

appeal, he complains that the trial court erroneously denied his

motion to suppress evidence obtained by police incident to an

unlawful seizure of his person.

     "In reviewing a trial court's denial of a motion to suppress,

'the burden is upon the defendant to show that the ruling, when

the evidence is considered most favorably to the Commonwealth,

constituted reversible error.'"  McGee v. Commonwealth, 25 Va.

App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore

v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

denied, 449 U.S. 1017 (1980)).  "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve issues of both law and fact, reviewable de novo on appeal. Ornelas v. United States, 517 U.S. 690, 699 (1996).  Similarly, whether a citizen/police encounter constitutes a seizure, thereby implicating the Fourth Amendment, presents a mixed question of law and fact which also requires independent appellate review.  See Watson v. Commonwealth, 19 Va. App. 659, 663, 454 S.E.2d 358, 361 (1995).  "[I]n performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

Here, the statement of facts recites that Albemarle County Officer J.G. Pistulka "approached" defendant and his companion and "began to speak to them about . . . inappropriate" "cat calls" directed to a "young female" pedestrian.  Although Pistulka was operating a "marked police vehicle," he was "alone, presented no weapons, made no threats, did not handcuff either of the two individuals and made no threatening displays or actions toward them."  Pistulka "advised the . . . subjects" that they were "free to leave at any time" and "requested" "to see identification." Each provided an unspecified "identification" to the officer, and he initiated a "check[]," which reported "within five minutes"

-

that defendant was "wanted" on "an outstanding warrant."  Pistulka immediately arrested defendant and discovered the offending marijuana in a trouser pocket incidental to a related search of his person.

Defendant testified that, prior to arrest, "he did, in fact, feel free to leave at any time, but chose not to do so."

In support of an unsuccessful motion to suppress before the trial court and, again, on appeal, defendant argues that Pistulka acted without the requisite "articulable suspicion of criminal activity" to justify an "investigatory stop" and attendant seizure.  However, "[a] voluntary police-citizen encounter becomes a seizure for Fourth Amendment purposes 'only if, in view of all circumstances . . . a reasonable person would have believed that he was not free to leave.'"  Wechsler v. Commonwealth, 20 Va. App. 162, 170, 455 S.E.2d 744, 747 (1995) (emphasis omitted) (citations omitted).  "As long as a person remains free to leave, no seizure has occurred.  Voluntarily responding to a police request, which most citizens will do, does not negate 'the consensual nature of the response' even if one is not told that he or she is free not to respond."  Grinton v. Commonwealth, 14 Va. App. 846, 849, 419 S.E.2d 860, 862 (1992) (citations omitted).  Thus, "a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure."  INS v. Delgado, 466 U.S. 210, 216 (1984).

-

Here, at the inception of the encounter, Pistulka advised defendant that he was free to leave "at any time," a circumstance clearly understood by defendant. Nothing in the record suggests that defendant was threatened, intimidated, restrained, or coerced by the officer prior to arrest. Pistulka's request for identification and the brief investigation which followed did not alter the consensual nature of the exchange. Pistulka retained the unspecified identification for only five minutes, during which defendant could have requested him to return it or simply walked away.[1] He did neither.

The trial court, therefore, correctly concluded that defendant was not seized by police until arrested upon probable cause emanating from the existing warrant. Clearly, the incidental search infringed upon no constitutional rights. Accordingly, we affirm the conviction.

                                                   Affirmed.

---

[1] In Richmond v. Commonwealth, 22 Va. App. 257, 468 S.E.2d 708 (1996), a police officer approached Richmond, seated alone in a car, and requested his operator's license. In reversing the conviction, we concluded that, "'what began as a consensual encounter quickly became an investigative detention once the officer received [the] license and did not return it'" for twenty minutes. Id. at 261, 468 S.E.2d at 710 (citations omitted). Richmond was not advised that he was free to leave and was unable to do so without violating the law.

-