COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


JOSHUA DARNELL PERRY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2466-00-2         JUDGE JAMES W. BENTON, JR.
                                         JULY 30, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Timothy J. Hauler, Judge

          Emmet D. Alexander for appellant.

          Leah A. Darron, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Joshua Darnell Perry appeals his conviction of possession of

cocaine in violation of Code § 18.2-250.  The sole issue is

whether the trial judge erred by failing to grant Perry's motion

to suppress evidence obtained in the search of his clothing.

For the reasons that follow, we reverse the conviction.

                                I.

     On appeal from a trial judge's denial of a motion to

suppress, "we are bound by the [judge's] findings of historical

fact unless 'plainly wrong' or without evidence to support

them."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d

259, 261 (1997) (en banc).  We "consider de novo[, however,]

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment." Hughes v. Commonwealth, 31 Va. App. 447, 454, 524 S.E.2d 155, 159 (2000).

The evidence proved that on the afternoon of June 30, 1999 Chesterfield County Police Officer Grohowski was observing an apartment complex for evidence of narcotics transactions when he saw a vehicle enter the complex and later leave. Officer Grohowski and Officer Collins followed the vehicle in an unmarked police vehicle. After the vehicle entered Chesterfield County, a uniformed officer in a marked police car stopped the vehicle for a speeding investigation. The uniformed officer asked Perry, the driver, for his driver's license and registration. When the uniformed officer returned to his car to verify Perry's documents and to check for outstanding warrants, Officer Grohowski asked Perry to exit the vehicle. Officer Grohowski then told Perry he had seen Perry in the apartment complex and asked if he had any weapons or drugs. Perry gave Officer Grohowski a knife he had.

Officer Grohowski testified that the uniformed officer determined at some point that Perry's documents were valid and that he would not cite Perry for a traffic violation. After the uniformed officer had been gone "three or four minutes," he gave Officer Grohowski Perry's license and registration. Although Officer Grohowski initially testified that "[b]y the time [he] had gotten the driver's license and registration . . . , [he]

-

had already asked . . . Perry for consent to search his person," when defense counsel reminded Officer Grohowski of his testimony at the preliminary hearing, Officer Grohowski responded, "it's possible" he was holding Perry's license and registration when he requested Perry's consent to search.  He testified, "I was either holding it or [had given] it back to [Perry]," and he further testified on cross-examination, "I don't recall."

Officer Grohowski testified that after he learned Perry's license and registration were valid and no warrants were outstanding, he retained the driver's license and registration because he had seen Perry at the apartments where drugs were prevalent, and he continued to question Perry about whether he had more weapons or any drugs on his person.  When asked "how long was it after you were back in possession of those documents before you asked Mr. Perry for permission to search him," Officer Grohowski testified that it was "within a minute, 30 seconds to a minute."  Officer Grohowski testified that Perry consented to a search and that he discovered two pieces of cocaine.

At the conclusion of the testimony on the motion to suppress, the trial judge denied the motion.  At the conclusion of the evidence at trial, the judge denied Perry's motion to strike the evidence.  He found that Officer Grohowski's involvement with Perry was contemporaneous with the uniformed officer's detention on the traffic matter and that Officer

-

Grohowski requested consent to search "contemporaneous" with the uniformed officer returning the license and registration "to the defendant through Officer Grohowski."  The judge convicted Perry of possession of cocaine.

## II.

Under firmly established Fourth Amendment principles, an encounter is not consensual "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  United States v. Mendenhall, 446 U.S. 544, 554 (1980).  When reviewing an officer's request to search, the issue presented is whether "a reasonable person would feel free 'to disregard the police and go about his business.'"  Florida v. Bostick, 501 U.S. 429, 434 (1991) (citation omitted).  The Supreme Court of Virginia recently reiterated that when a person "suffer[s] an illegal seizure, his consent to the search of his [effects] [is] tainted and ineffective to justify the search."  Bolden v. Commonwealth, 263 Va. 465, 473, 561 S.E.2d 701, 705 (2002).  Thus, on review, we must determine from the totality of the circumstances whether a reasonable person would have felt "free to leave" and "free to decline the officers' requests or otherwise terminate the encounter."  Bostick, 501 U.S. at 436.

Perry initially was detained by the uniformed officer to investigate a possible traffic infraction.  While the uniformed officer checked Perry's license and registration, Officer

-

Grohowski questioned Perry about his suspicions concerning narcotics. No evidence proved that when the uniformed officer gave Perry's license and registration to Officer Grohowski any of the three officers communicated to Perry that no traffic citation would be issued. Although Officer Grohowski could not recall whether he was holding Perry's license and registration or had given the documents to Perry before he requested consent to search, he later specifically testified that he was holding the documents for "30 seconds to a minute" before he requested consent to search. When Officer Grohowski continued questioning Perry after learning that the uniformed officer did not intend to issue a citation, Officer Grohowski effected a separate detention for which he lacked reasonable articulable suspicion. A reasonable person under these circumstances would have believed that the officers' investigation had not ceased and that he was not free to leave while the officers retained his driver's license and registration.

We recognized in Richmond v. Commonwealth, 22 Va. App. 257, 261, 468 S.E.2d 708, 708 (1996), that, "as a practical matter, if appellant left the scene in his vehicle while [the officer] had his driver's license, appellant would have violated Code § 46.2-104." Unlike in Commonwealth v. Rice, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998), where "the lawful detention . . . continued . . . [as] the officer requested permission to search," the valid justification for detaining Perry had ended.

-

When the uniformed officer gave Perry's driver's license and registration to Officer Grohowski, the circumstances were not such as would indicate to a reasonable person "that he was free to disregard the [officers] and simply drive away." Reittinger v. Commonwealth, 260 Va. 232, 237, 532 S.E.2d 25, 28 (2000). As in Deer v. Commonwealth, 17 Va. App. 730, 735, 441 S.E.2d 33, 36 (1994), once the valid detention ended, the officers unlawfully detained Perry and obtained consent that was not freely and voluntarily given. See Bumper v. North Carolina, 391 U.S. 543, 548 (1968) (holding that consent must be "freely and voluntarily given"); Davis v. Commonwealth, 37 Va. App. 421, 435, 559 S.E.2d 374, 380 (2002) (holding that police misconduct in unlawfully detaining a driver was directly related to and invalidated the consent).

For these reasons, we hold that Perry's consent was not voluntarily given and that the trial judge, therefore, erred in denying the motion to suppress. Accordingly, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.

-